IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIONEL J. MISSOURI,<br>    Plaintiff | :<br>:<br>: |
| v. | :     CIVL NO. 19-6153 |
| BARBARA A. FITZGERALD, *et al.*,<br>    Defendants | :<br>:<br>: |

## MEMORANDUM

**PRATTER, J.**                                                                                                 **FEBRUARY 6, 2020**

Lionel J. Missouri brings this civil action against Barbara A. Fitzgerald, an attorney, and "Morgan & Lewis, LLP", i.e., Morgan Lewis & Bockius, LLP ("Morgan Lewis"). (ECF No. 2.) He has also filed two motions for leave to proceed *in forma pauperis* (ECF Nos. 1 and 5)[1] and a Request for Appointment of Attorney (ECF No. 4). For the following reasons, the Court will grant Mr. Missouri leave to proceed *in forma pauperis*, dismiss his Complaint without prejudice, and deny his request for appointment of an attorney at this time.

## I.     FACTUAL ALLEGATIONS

Although the allegations in Mr. Missouri's Complaint are lengthy and not entirely clear, it appears that Mr. Missouri brought this action because he alleges he was "forced to resign" from Morgan Lewis as a result of intimidation and retaliation. (ECF No. 2 at 2.)[2] He asserts that the events giving rise to his Complaint occurred in the Morgan Lewis office located in the Ten Penn Center Building in Philadelphia, Pennsylvania. (*Id.* at 3.) On April 25, 2019, while he was

---

[1] Mr. Missouri filed his first Motion to Proceed *In Forma Pauperis* (ECF No. 1) on December 27, 2019. Mr. Missouri's second Motion to Proceed *In Forma Pauperis* (ECF No. 5) was filed on January 9, 2020, and contains updated information concerning his financial status.

[2] The Court adopts the pagination assigned by the CM-ECF docketing system.

at his desk, he received three separate "anonymous" calls prior to receiving an email and a Skype message from Ms. Fitzgerald, a partner at the firm. (*Id.*) Mr. Missouri avers that once he answered the phone, "the retaliation began." (*Id.* at 4.) He avers that Ms. Fitzgerald stated to him: "I understand you have a lawsuit against Amazon" and "Who said you could work for them? . . . They are a client of ours and that's a conflict of interest." (*Id.*) Mr. Missouri explained to Ms. Fitzgerald that he "was approved to work for Amazon by Morgan & Lewis, LLP." (*Id.*) Ms. Fitzgerald responded by telling him that he had "twenty-four (24) hours to make a decision; either drop the lawsuit against Amazon or leave the firm." (*Id.*) Mr. Missouri avers that this "unethical tactic" made him become very nervous and as a result of the harassing calls and retaliation, he was "forced to resign." (*Id.*) Mr. Missouri avers that his resignation was legally documented for a month which meant that he was to earn two checks from Morgan Lewis. (*Id.* at 5.)

On May 2, 2019, Mr. Missouri asserts that under false pretense, "he was lured with the actions of bribery" by Morgan Lewis's Human Resources Manager, Huda Goldman. (*Id.* at 2, 5.) Mr. Missouri was told that he had to return to the Morgan Lewis office to pick up a check and a document. (*Id.* at 5.) Mr. Missouri asserts that Ms. Goldman told him that in order "to receive [his] other paycheck, [he] would have to sign and date the prepared and given documents" from her and other legal personnel. (*Id.* at 6.) After Mr. Missouri returned home with the documents, he avers that "it became clear [that Morgan Lewis] was holding [his] check and [he thought] that can't be right and was not legally right." (*Id.* at 6.) Mr. Missouri avers that this was a fraudulent act against him. (*Id.* at 7.) As relief, Mr. Missouri asserts the following:

> I, Lionel J. Missouri would like the United States District Court Eastern District of Pennsylvania to have the Defendant(s) Barbara A. Fitzgerald, Partner of Morgan, Lewis & Bockius, LLP aka Morgan, Lewis & Bockius, LLP and Morgan & Lewis, LLP here in Philadelphia, Pennsylvania for the retaliatory, bribery,

> privacy actions against [him], withholding [his] pay after providing the document in lieu of [his] resignation, emotional distress when having to prepare and write a letter of resignation, then having the employer with whom [he] was an employee to harbor [his] pay as reiterated previously until [he] signed the hand-delivered documents to gather [his] paycheck as it was and is in fact a violation of [his] Constitutional Rights as that was bribery among other illicit actions against [him] which caused an array of damages voluminous to both [him] and [his] family. [He] had a legal right to gather his monies from Morgan & Lewis, LLP yet his rights were violated and under [his] Constitutional rights, this atrocity should never happen again . . .

(Id. at 9-10.) Mr. Missouri seeks monetary compensation in the amount of $5,400,000.00.

## II. STANDARD OF REVIEW

The Court will grant Mr. Missouri leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Because Mr. Missouri is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d

3

116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III. DISCUSSION

Mr. Missouri asserts that the basis for the Court's jurisdiction is based upon a federal question underlying his claims, asserting that the causes of action which have arisen against him are "federal Constitutional violation[s]." (ECF No. 2 at 2.) The Court understands Mr. Missouri's Complaint as asserting a civil rights claim based upon Defendants' alleged intimidation, harassment, retaliation, bribery, deceit, and fraud. (ECF No. 2 at 2, 4-7, 9-10.) Mr. Missouri, however, has not stated a basis for a federal claim.[3]

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

---

[3] Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112). Nothing in Mr. Missouri's Complaint suggests that he was discriminated against as a result of his membership in a protected class, so these laws are not implicated in this case.

4

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Mr. Missouri has not alleged facts to support a plausible conclusion that either of the named Defendants meet any of the foregoing tests; and nothing in the Complaint suggests any factual or legal basis for considering that the Defendants are state actors who could be held liable under § 1983. Rather, the Defendants are identified as a private law firm and an attorney who works for that law firm. Accordingly, the named Defendants are not subject to suit under § 1983, so Mr. Missouri cannot state a plausible constitutional claim against them.

Although unclear to the Court, Mr. Missouri may also be raising state law tort claims against the named Defendants. Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction over any state law claims.

The only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) A corporation is a citizen of the state in which it was incorporated as well as where it has its principal place of business. *See* U.S.C. § 1332(c)(1). "[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members." *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420. "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). In some cases, "a plaintiff may allege that the defendant is *not* a citizen of the plaintiff's state of citizenship" after conducting a reasonable investigation into the defendant's citizenship. *Id.* at 107-08.

Although Mr. Missouri has alleged that his state of citizenship is "not applicable," it appears that he is likely a citizen of New Jersey given that he has listed his mailing address as Voorhees, New Jersey. (ECF No. 2 at 1, 3, 11.) Mr. Missouri has also alleged that the state of citizenship of the named Defendants is "not applicable." (*Id.* at 3.) The citizenship of Ms.

6

Fitzgerald and Morgan Lewis, a limited liability partnership, is not stated. Mr. Missouri has merely listed the mailing address of both named Defendants as Philadelphia, Pennsylvania in his Complaint. However, as noted above, the citizenship of a limited liability partnership such as Morgan Lewis is determined by the citizenship of its partners or members. *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420. Mr. Missouri's allegations do not explicitly reveal the Defendants' citizenship for purposes of considering diversity. He has failed to meet his burden of demonstrating that this Court has subject matter jurisdiction over any state law tort claims he may be raising, and the Court will dismiss any state claims on that basis. *See Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp.*, 547 U.S. at 342 n.3).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Missouri's federal claims for failure to state a claim and any state law claims for lack of subject matter jurisdiction. The dismissal is without prejudice to Mr. Missouri filing an amended complaint in this case in the event he can allege a basis for subject matter jurisdiction or, alternatively, filing a complaint in state court so he may proceed there on any state law claims. Mr. Missouri's Request for Appointment of Attorney will be denied without prejudice at this time. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER, J.